# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-0909V
Filed: December 1, 2015
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| DENNIS CARLSON, | |
|     Petitioner, | Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Right Shoulder Injury; Shoulder Injury Related to Vaccine Administration (SIRVA); Special Processing Unit (SPU). |
|     v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
|     Respondent. | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

Michael G. McLaren, Black McLaren, et al., PC, Memphis, TN, for petitioner.
Justine Elizabeth Walters, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On August 20, 2015, Dennis Carlson ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, et seq.,[2] [the "Vaccine Act"]. Petitioner alleged that he developed a shoulder injury related to vaccine administration ("SIRVA") in his right arm as a result of receiving an influenza ("flu") vaccine on November 3, 2014. Petition at 1. This case was assigned to the Special Processing Unit of the Office of Special Masters.

On November 5, 2015, a ruling on entitlement was issued, finding petitioner entitled to compensation. On November 24, 2015, respondent filed a proffer on award of compensation ["Proffer"] stating petitioner should be awarded $145,225.36. Proffer at 3. In the Proffer, respondent represented that petitioner agrees with the proffered

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

award. Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $145,225.36, in the form of a check payable to petitioner, Dennis Carlson**. This amount represents compensation (pain and suffering ($140,000.00) and lost earnings ($5,225.36)) for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

## OFFICE OF SPECIAL MASTERS

```
_____
                                    )
DENNIS CARLSON,                     )
                                    )
            Petitioner,             )
                                    )
v.                                  )      No. 15-909V
                                    )      Chief Special Master Dorsey
                                    )      ECF
SECRETARY OF HEALTH AND             )      SPU
HUMAN SERVICES,                     )
                                    )
            Respondent.             )
_____)
```

## **RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On August 20, 2015, petitioner, Dennis Carlson, filed a petition for compensation under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10 to -34 ("Vaccine Act"), alleging that he suffered from a right shoulder injury related to vaccine administration ("SIRVA") as a result of receiving a seasonal influenza ("flu") vaccine on November 3, 2014. On November 4, 2015, respondent filed her Rule 4(c) Report stating that petitioner's right arm injury is consistent with SIRVA and conceding that his SIRVA is compensable under the Vaccine Act. Accordingly, on November 5, 2015, Chief Special Master Dorsey issued a Ruling on Entitlement finding that petitioner is entitled to compensation for SIRVA. For the purposes of this proffer, the term "vaccine-related" is as described in Respondent's Rule 4(c) Report filed on November 4, 2015.

## I.     Items of Compensation

### A.     Future Unreimbursable Expenses

The parties agree that based upon the evidence of record, petitioner will not require future care for his vaccine-related injury.  Therefore, respondent proffers that petitioner should be awarded no future unreimbursable expenses under 42 U.S.C. § 300aa-15(a)(1).  Petitioner agrees.

### B.     Lost Earnings

Although petitioner was retired from his full-time career at the time of his vaccine injury, he was working part-time at golf and ski resorts.  The parties agree that based upon the evidence of record, petitioner has suffered a past loss of earnings.  Therefore, respondent proffers that petitioner should be awarded lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A).  Respondent proffers that the appropriate award for petitioner's lost earnings is $5,225.36.  Petitioner agrees.

### C.     Pain and Suffering

Respondent proffers that petitioner should be awarded $140,000.00 in actual and projected pain and suffering.  This amount reflects that the award for projected pain and suffering has been reduced to net present value.  *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

### D.     Past Unreimbursable Expenses

Petitioner did not provide evidence that he incurred unreimbursable expenses related to his vaccine-related injury.  Therefore, respondent proffers that petitioner should be awarded no past unreimbursable expenses.  Petitioner agrees.

    E.    <u>Medicaid Lien</u>

Petitioner represents that there are no outstanding Medicaid liens against him.

**II.**     **Form of the Award**

The parties recommend that compensation provided to petitioner should be made through a lump sum payment as described below and request that the Chief Special Master's decision and the Court's judgment award the following:[1]

    A.    A lump sum payment of $145,225.36, representing compensation for pain and suffering and lost earnings, in the form of a check payable to petitioner.

**III.**     **Summary of Recommended Payment Following Judgment**

    A.    Lump sum paid to petitioner:     **$145,225.36**

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Senior Trial Attorney
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

          s/ Justine Walters
JUSTINE WALTERS
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 307-6393

DATE: November 24, 2015