# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 15-0909V
### Filed: November 29, 2016
### UNPUBLISHED

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
DENNIS CARLSON,                          *
                                         *
               Petitioner,               *
v.                                       *
                                         *    Attorneys' Fees and Costs;
SECRETARY OF HEALTH                      *    Special Processing Unit ("SPU")
AND HUMAN SERVICES,                      *
                                         *
               Respondent.               *
                                         *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

*Michael G. McLaren, Black McLaren, et al., PC, Memphis, TN,* for petitioner.
*Justine Walters, U.S. Department of Justice, Washington, DC,* for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

      On August 20, 2015, Dennis Carlson ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act").  Petitioner alleged that he developed a shoulder injury related to vaccine administration ("SIRVA") in his right shoulder as a result of receiving an influenza ("flu") vaccine on November 3, 2014.  On December 1, 2015, the undersigned issued a decision awarding compensation to petitioner based on respondent's proffer.  (ECF No. 19).

      On April 20, 2016, petitioner filed a motion for attorneys' fees and costs.  (ECF No. 26).  Petitioner requests attorneys' fees in the amount of $20,764.00, and attorneys'

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

costs in the amount of $2,512.26, for a total amount of $23,276.26.  *Id.* at Ex. 2 at 11-12.  In compliance with General Order #9, petitioner filed a signed statement indicating that he incurred no out-of-pocket expenses.  *Id.* at Ex. 3.

On May 6, 2016, respondent filed a response to petitioner's motion.  (ECF No. 27).  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent, however, further that she is "satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id*. at 2.  She states that based on a "survey of fee awards in similar cases and her experience in litigating Vaccine Act claims, a reasonable amount for fees and costs in the present case would fall between $13,000.00  to $15,000.00.  *Id.* at 3.  Respondent provides little explanation for how she arrived at this proposed range, citing to only five prior cases that she characterized as similar.  *Id.* at 3-4.

On May 9, 2016, petitioner filed a reply.  (ECF No. 28).  Petitioner argues that the cases cited by respondent car no persuasive value within the context of which they are presented and should not be relied upon by the Court.  *Id*. at 1.  Petitioner also notes that he has no access to the underlying medical or legal facts of the cases cited by respondent and states that he has "no way of gauging what level of resistance was put forth by Respondent in the cited cases."  *Id*. at 2.  Because respondent has provided no specific objections to petitioner's counsel's requested rates, hours, and costs, petitioner argues that respondent waives those objections to petitioner's fee application.  *Id*.

On November 4, 2016, the undersigned issued a reasoned decision in *Henry v. HHS*, No. 15-545V (Fed. Cl. Spec. Mstr. Nov. 4, 2016), addressing the hourly rates for attorneys, paralegals and law clerks of the McLaren firm.  The undersigned concluded that petitioner's counsel should be compensated at forum rates which are consistent with the rates requested in the instant application.  However, the undersigned reduced the hourly rates billed for attorney travel time and for work performed by law clerks and paralegals in 2016.  The undersigned adopts the reasoning in the *Henry* decision for the instant analysis.

The undersigned has reviewed the billing records submitted with petitioner's request.  In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates except as follows.  Consistent with *Henry, supra*, the undersigned reduces the award to reflect a rate of reduction for attorney travel time and for the 2016 law clerk and paralegal rates.

In September 2015, Mr. Chris Webb billed a total of 19 hours for travel time, amounting to a total of $5,605.00.  ECF No. 26-2, p. 6.  Notwithstanding the fact that Mr. Webb was noted to be working during a portion of that time on case review *en route*, the undersigned reduces these hours by 50%.  *See, e.g., Hocraffer v. HHS*, No. 99-533V, 2011 WL 3705153, at *24 (noting that "Special Masters consistently award

compensation for travel time at 50% of the billing rate in the Vaccine Program."). This results in a reduction of $2,802.50.

Additionally, the undersigned tallies 0.9 hours of paralegal and law clerk time in 2016, amounting to a total billing of $135.00. (ECF No. 26-2, pp. 10-11). Reducing the hourly rate to $145 reduces the total amount to $130.50, a reduction of $4.50.

Based on all of the above, the undersigned finds that petitioner's counsel is entitled to reasonable attorneys' fees and costs as follows:

| | |
|---|---|
| Requested attorneys' fees (based on 76.8 total hours): | $ 20,764.00 |
| Less 50% reduction for 19.0 travel hours: | $ -2,802.50 |
| Less 2016 paralegal rate reduction: | $      -4.50 |
| Adjusted total: | $17,957.00 |
| Costs: | $ 2,512.26 |
| **Total Attorneys' Fees and Costs Awarded:** | **$20,469.26** |

**Accordingly, the undersigned awards a lump sum of $20,469.26,[3] representing reimbursement for attorneys' fees and costs in the form of a check jointly payable to petitioner and petitioner's counsel, Black McLaren Jones Ryland & Griffee, P.C.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.